# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 13-0776** (Berkeley County 12-F-230)

**Levi Cody Clark,**
**Defendant Below, Petitioner**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Levi Cody Clark, by counsel Steven A. Greenbaum, appeals the June 24, 2013, plea and sentencing order entered by the Circuit Court of Berkeley County for the charges of burglary and grand larceny. Respondent the State of West Virginia, by counsel Christopher C. Quasebarth, filed a response to which petitioner replied.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 9, 2012, petitioner was charged with two counts of burglary, two counts of grand larceny, and two counts of conspiracy to commit burglary, all felonies. On April 9, 2012, petitioner was charged with felony transferring stolen property and conspiracy to commit transferring stolen property. Subsequent to the charges being filed against him, petitioner met with police and provided a videotaped statement admitting to his crimes and providing detailed information about the crimes. Petitioner was indicted by the Berkeley County Grand Jury and charged in an eleven count indictment, along with two co-defendants, Heath Smith and Joshua Smith.

On December 15, 2012, petitioner signed a plea agreement with the State, whereby he would plead guilty to two counts of burglary and two counts of grand larceny. On March 18, 2013, petitioner entered his guilty pleas to the four counts, signed his guilty plea form, and a sentencing hearing was conducted. During the hearing, the prosecutor argued against alternative sentences for petitioner. The State also pointed out to the circuit court that petitioner was on probation at the time he was charged with the crimes at issue. During that hearing, one of the victims spoke to the court, explaining what impact the crimes had on her and asked the court to give petitioner consecutive sentences in jail, rather than at the Anthony Center. Petitioner was twenty years old at the time of his sentencing. He was sentenced to an indeterminate sentence of one to fifteen years of

1

incarceration for each of two counts of burglary and an indeterminate sentence of one to ten years of incarceration for each of two counts of grand larceny. The circuit court further ordered that the sentences for the two counts of grand larceny would run concurrently with one another and that the sentences for the two counts of burglary would run concurrently with one another but consecutive to the grand larceny counts.[1] Petitioner appeals from that order.[2]

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. McGill*, 230 W.Va. 85, 736 S.E.2d 85 (2012).

In his appeal, petitioner asserts three assignments of error. First, he argues that the circuit court erred by sentencing him to a sentence that was unjustifiably harsh and disparate to co-defendant Joshua Smith. Petitioner argues that sentences must be not only proportionate to the crime, but they must not be disparate when comparing the sentence that each co-defendant received. He concedes that disparate sentences for co-defendants are not per se unconstitutional. However, he argues that both he and Joshua Smith were similarly situated and that Joshua Smith had a more extensive criminal record, so he and Joshua Smith should have received the same sentences. As set forth above, we review sentencing orders under a deferential abuse of discretion standard. *Id.* Further "[c]ourts may consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syl. Pt. 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Further, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). It appears from the record that the circuit court considered the relevant factors and determined that petitioner

---

[1]Co-defendant Joshua Smith signed a plea agreement with the State on December 17, 2012, agreeing to plead guilty to conspiracy to commit burglary and one count of felony transferring stolen property. Smith also agreed to plead, by information, to leaving the scene of an accident with property damage and underage DUI. On February 26, 2013, Smith entered his plea in accordance with the plea agreement and was sentenced to concurrent sentences for the felonies, and the sentence of not less than one nor more than ten years aggregate was suspended for five years probation, with Smith to serve four months of incarceration as a term of probation.

Co-defendant Heath Smith was convicted by plea of one felony count of burglary and two felony counts of grand larceny. He was sentenced to the statutory sentences of one to fifteen years of incarceration for burglary and one to ten years of incarceration for each of the grand larceny convictions. One burglary and one grand larceny sentence are to run concurrently, followed by the other grand larceny sentence to run consecutively.

The juvenile co-defendant was processed as a juvenile.

[2]On June 19, 2013, petitioner filed a motion for modification of sentence, again requesting that he be sent to the Anthony Center. Subsequent to the filing of the instant petition, the circuit court denied that motion.

and Joshua Smith were not as similarly situated as petitioner argues, including the fact that Joshua Smith was reportedly in school trying to further his education while petitioner was not. The State argues that Joshua Smith was the driver of the vehicle, while petitioner was the prime mover. Further, while petitioner received a different sentence than Joshua Smith, petitioner ignores the identical sentence imposed upon the other adult co-defendant, Heath Smith. In addition, petitioner does not allege that the circuit court considered any impermissible factor in sentencing him. For the reasons set forth above and because the sentence imposed on petitioner was within statutory limits, we find that the circuit court did not abuse its discretion in imposing sentence on petitioner.

Petitioner's second assignment of error is his contention that the circuit court erred by permitting a victim to comment about the sentence she wanted the court to impose upon petitioner. The victim told the circuit court that she wanted to see the maximum sentence imposed under the law and specifically requested that petitioner not be sent to the Anthony Center. Petitioner argues that the West Virginia Victim Protection Act of 1984 does not allow the victim to comment on what he or she believes is the appropriate sentence for a defendant. Initially, we note that petitioner failed to object to the crime victim addressing the sentencing court, which is allowed pursuant to West Virginia Code § 61-11A-2. West Virginia Code § 61-11A-2(b) provides that

> [p]rior to the imposition of sentence upon a defendant who had been found guilty of a felony . . . or has pleaded guilty . . . to a felony, . . . the court shall permit the victim of the crime to appear before the court to make an oral statement for the record . . . The statement . . . must relate solely to the facts of the case and the extent of the injuries, financial losses and loss of earnings directly resulting from the crime for which the defendant is being sentenced.

W.Va. Code § 61-11A-2(b) (2013) (Supp. 2013). In this case, the victim gave a brief statement regarding the crimes committed against her, specifically addressing both Joshua Smith and petitioner. She did volunteer that she did not believe that petitioner should "get just the Anthony Center[,]" and she continued by stating that petitioner and Joshua Smith were totally different people in different situations. She also discussed the fact that petitioner went into her home and stole items from her that could not be replaced but that Joshua Smith did not. In conclusion, she said that she would like to see petitioner serve at least two years in the penitentiary. When imposing sentence, the circuit court noted that the victim gave a brief statement pointing out differences between petitioner and Joshua Smith and their involvement in the crimes. The circuit court also addressed the report and recommendation from law enforcement, petitioner's limited employment history, and his prior criminal activity. Therefore, it appears from the record that the circuit court did not consider any impermissible factors in sentencing petitioner. To the extent that the victim's statement exceeded the provisions of West Virginia Code § 61-11A-2(b), we find that the same was harmless error.

Petitioner's third and final assignment of error is his assertion that the prosecuting attorney abridged her role as a quasi-judicial officer when she negotiated disparate plea agreements with petitioner compared to Joshua Smith and argued to the circuit court that petitioner should receive the maximum sentence under the plea agreement, knowing that on a previous date that Joshua Smith was sentenced to probation. Petitioner argues that the prosecutor was not acting in a fair and

impartial manner as required of the prosecuting attorney when she took these alleged actions. He explicitly states that he does not suggest that the unfairness was premeditated and intentional, but that the effect was an unfair result. We have previously held: "The prosecuting attorney occupies a quasi-judicial position in the trial of a criminal case. In keeping with his position, he is required to avoid the role of a partisan, eager to convict, and must deal fairly with the accused as well as the other participants in the trial. . . ." *State v. Wyatt*, 198 W.Va. 530, 544-45, 482 S.E.2d 147, 161-62 (1996) (quoting Syl. pt. 3, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977)). The plea agreement did not require that the State remain silent on the issue of alternative sentencing, and the prosecutor argued against such alternative sentencing. In doing so, the prosecutor stated that she had listened to all of the arguments regarding the co-defendants, reviewed their criminal history, and considered the indictment. She pointed to the fact that while petitioner accepted responsibility, he was on probation at the time of the crimes at issue. She also pointed to the fact that according to the presentence investigation report, less than thirty-days prior to sentencing, petitioner tested positive for marijuana. For those reasons, the State argued that petitioner was not entitled to an alternative sentence. Petitioner does not allege that the State acted improperly in prosecuting the crimes, only in its handling of the plea agreements and the sentencing portion of the proceedings. None of the factors referenced by the prosecutor, if considered by the circuit court, constitute impermissible factors. For the reasons set forth herein under the facts of this case, we find no error in the prosecutor's actions in negotiating petitioner's plea agreement or her argument during the sentencing hearing.

For the foregoing reasons, we find that the circuit court did not abuse its discretion in entering the June 24, 2013, plea and sentencing order under the facts presented to this Court. We, therefore, affirm the same.

Affirmed.

**ISSUED**: March 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4